Good morning, your honors. I'm Jeffrey Baird representing Tawny Little in this significant numbers case May it please the court and I apologize for having a sore throat and cough. I'll try to be bold and clear I'd like to reserve two minutes for a rebuttal if possible This is a significant numbers of jobs case where the magistrate judge Not an ALJ made the ultimate finding of significant numbers And in doing so the magistrate never considered or talked about or analyzed the various vocational factors That might make adaptation to jobs more difficult This claimant had a limited education unskilled work history a Sedentary RFC as found by the magistrate judge and other vocational factors that would have made adapting more difficult The Gutierrez case is instructive and that when 25,000 jobs nationally was deemed a close call Where an ALJ made the finding and where the jobs in question were agricultural jobs Here the remaining jobs are sort of odd addresser and stuffer addresser puts labels on packaging and types them out and the stuffer operates machine stuffing toys Well given the jobs that remained and given the vocational factors of the claimant Our argument is it would be better to have an ALJ a fact finder of first instance So are you asking for a remand? We'd be we'd be settled with that. I think there's reasons to pay but Remand for that's going might be going a bridge too far. It might be going a bridge to what would the ALJ do on remand? Well, we'd like it to go back and calculate whether eighteen thousand five hundred is significant for this particular In other words, the agency should get first crack at that determination rather than us, right? Or the district court and that would be consistent with the 28 J letter Citation to Allen from the Tenth Circuit in the first instance an agency fact finder should calculate Significant numbers when there's been significant erosion and again here. We're at eighteen thousand five nationally That's about three hundred and fifty jobs per state The actual numbers here are a hundred and ninety five So it's unclear what the pattern of the remaining jobs would be nationally or whether with numbers that low They would be representative of much or it didn't mention her age bracket She was actually older than what the calculation was. Did she waive that? No, she was forty nine and a half I know but they the age, but they used 47 didn't they or something? The ALJ said no one said anything Well, the ALJ just said that was at the onset At the decision date. She was forty nine and a half. But is there any is there any doubt that he was using 49? Well using that he she was next she was fairly close to the next bracket, right? Correct. So was he evaluating her? Looking to the next bracket given that she's like five months away from her. She's five months away But that's the ALJ didn't do that and age is an increasingly limiting factor According are there in fact limitations that would be in the next bracket to the ALJ didn't analyze Well, the ALJ didn't analyze sedentary RFC, which the magistrate found established by dr Heilbrunn's limitations the ALJ erroneously ignored them So if it goes back on this preliminary actual issue that all that could be raised in front of the ALJ Could that have all been raised you could if it goes back? That's true That would be something to raise for the ALJ The main consideration would be age is an increasingly limiting factor and then the various vocational factors specified in the statute and in the regulations limited education sit stand options sedentary RFC Unskilled work history. Those would all be limiting factors that would make adaptation more difficult and in the motivating principle seems to be that The more difficult Adaptation will be the more numbers that would have to be there found to constitute a significant number That's consistent with the medical vocational guidelines Where an older person for example needs more jobs out there before the agency can say Comfortably automatically not disabled. So for example a 25 year old sedentary unskilled not disabled automatically 50 year old sedentary unskilled Automatically disabled so it must be that as there's increasing adversities or increasing adaptation problems More jobs are necessary to create a significant number Here the magistrate made that calculation on his own without reference to these factors It's too low a number for a magistrate to be doing that Also, it's hard to say is it is he finding? Harmless error As a matter of law, or is it just too low a number as a matter of the facts in this case? It would always have to be as a matter of facts in this case. There's no bright line in law Gutierrez says there's a close call at 25,000 again when an ALJ finds it and And and and Social Security Administration is not promulgated any guidelines any standards any Regulations about significant numbers Just at the ALJ the regulations and in the palms and hallux ALJ has to the fact finder would have to carefully weigh vocational factors including Increasing age is a increasingly limiting factor in determining whether a particular set of jobs or significant numbers Would be significant Well, I do want to hear you want to save some time for I'll just save some time for rebuttal, all right fair enough Good morning May it please the court Jeff Staples on behalf of the Commissioner Who asks that you affirm the district courts judgment because the ALJ's decision is supported by substantial evidence and free of legal error We're talking about aren't there some mistakes here though Yes, your honor. So then so how can you really say under these circumstances that they're harmless? Well, the question is how do you do that harmless error analysis and harmless error analysis is Not optional the Supreme Court in Shinseki v. Sanders said that harmless error analysis by this court by reviewing courts is Mandatory once you find that there's an error You don't just send it back to the ALJ to decide what the ALJ thinks about unique air It was the magistrate judge that really did all this did the harmless error analysis, you know as He was required. You don't dispute that there was air here. I don't dispute that your honor. Okay so how We said 25,000 was a close call You did and there's 18 5 here in the best case scenario, right? That's correct You conceded that the local numbers are insufficient. That's correct Seems like really you should let the ALJ should take a really another hard look at giving her Limitations and whatnot and get the first crack at this Well, you know the there is no as he said and we looked I kept asking my locker isn't there some Regulations some guidelines some standards some something There's nothing Other than we've said that 25,000 is a close call. Well, I would make two points to that issue your honor The first point is that in the case in which this court held that 25,000 was a significant number That's the Gutierrez case this court cited favorably the 8th Circuit case of Johnson v. Chater in which 10,000 jobs was also found to be a significant number, but the elegant also performed that job He was actually performing the job at the time That's true. But there's no reason why that affects the significant numbers analysis the significant the there's been a lot of discussion about vocational factors and What that goes to is whether these jobs exist for that claimant? So at page 91 the ALJ asks the vocational expert to consider a hypothetical individual with a hypothetical residual functional capacity and Ms. Littles vocational factors So the vocational expert already has those in mind When she offered the numbers of jobs that would exist for a person with these particular vocational factors So those facts have already been taken into account When the ALJ considers the numbers at step 5 to recount those now would be double counting of the significance of the vocational factors All the regulations and the palms that talk about the fact that the ALJ needs to consider the vocational factors the ALJ did the ALJ considered Ms. Littles education her age, etc, and So when it seems to me what you're trying to get us to say is 18 5 is enough That's correct. We could also say 18 5 isn't enough. And what have you gained then? That's what it seems to I'm trying to figure out what's motivating you here in terms of why you're hanging tough on this and it Seems that what you're trying to say We have a case law out there that saying 25 is close and to get this panel to say 18 5 is enough But we're asking you a lot of I mean, I don't know what the panel thinks about it at this point But if I were judging the argument here that the panel's expressing concerns about that the age wasn't right here that you know that that there were some mistakes that were made and I Guess I'll go if I were a betting person that doesn't sound good for saying 18 fives enough But the court can handle it and say the error isn't harmless Send it back look at her in the proper light without the errors and then what let it be what it is Well, your honor, that's not exactly how harmless error analysis works For instance in the Carmichael case or in another context in in the credibility context when you find errors in an ALJ's Analysis, the first thing you do is not send the case back to see what the ALJ thinks about the significance of those errors The first thing that you do is take the remaining analysis and say is that supported by substantial evidence? Do you think she was fairly about evaluated? Do you think this person with the errors was fairly evaluated? Do we yes, your honor substantial evidence supports the remaining jobs at step 5 Because this court the favorable citation to Johnson that 10,000 is a significant number There's a we have a recent case. I think it's called March. I'm not I'm not sure I got their right case, but there we said the air is we have to look at the air to evaluate This whether harmlessness is met here You have to look at the nature of the air and here it just strikes me That the ALJ really needs to be the one to take another look at this I Mean we're gonna say the eighteen thousand five hundred are we just gonna make it up say that that's sufficient or what? Well, the court said that 25,000 was significant and here is and they said it was a close call and a and I'd also point out that 18,500 is much closer to 25,000 than it is to the number that this court has found to be not significant in Beltran 1680 this case presents over ten times that amount of jobs So it's it's you know, like you all ultimately may be right, but we still It's better to have a complete administrative record as judge Callahan is suggesting before we make that call I Agree your honor that it would be better But that would be this would be a significant pronouncement from us whether we say it's enough or not enough I don't disagree your honor But this court is required to do the harmless air analysis Even if it might be better It would always be better for the judge for the ALJ's decision to be perfect and without errors But in Shinseki v Sanders the Supreme Court said that this court may not apply per se Harmfulness as a rule this court must in every instance of error analyze whether that error is harmful So here what the court needs to do is to look at the jobs that remain after Taking out the jobs that were erroneously relied on so even if a Fact finder could come to a different conclusion about that this court needs to make this is you the harmless air analysis And we include that it wasn't harmless. We should send it back to the ALJ if you can it wasn't harmless then yes, you should Send it back to the ALJ. That's correct But because it was harmless because substantial evidence still supports the remaining jobs under this courts precedent in Gutierrez relying on Johnson and because this case is much more like Gutierrez than it is like Beltran I'd also like to make one point about Miss little's age category The ALJ identified miss little's birth date and said how old she was at the alleged onset date Under this courts precedent in Lockwood, which is cited in my brief. That's all that's required of the ALJ There's no error in failing to discuss the possible application of borderline age categories As long as the ALJ gets the persons His decision has to reflect that he considered it Yes, but in Lockwood to move into the next age category in Lockwood All that was considered was the person's age and then a statement of their Category so by simply saying the person's age and stating the category that they fall into which the ALJ did here That is all that's required under Lockwood There's no requirement that the ALJ conduct additional analysis Like I considered whether to put this person into an older age bracket. That is not an error under this court's Published decision in Lockwood. Should your age bracket be at the onset or on the date of? Her age was the same Her age was like 49 and seven months Which is the same age bracket as when she was 47 which at her alleged onset date She didn't change age categories prior to the ALJ's decision The ALJ could have Applied an older category, but she was so she was close to the I thought she was close to 50 She was close to 50. And so that's where you switch. That's where you switch age bracket or a case law He could have evaluated or given her condition and everything. He could have evaluated her at the higher age bracket That's correct. But by choosing not to the ALJ conducted all the analysis that's required under Lockwood Okay, anything else? That the court affirmed the district court's judgment because the ALJ's decision remains supported by substantial evidence in spite of the errors, thank you Your honors under Marsh the court has to consider the nature of the error and that would require an investigation of the relevant details of the error the Ninth Circuit did consider Johnson as authority in Gutierrez, but didn't follow it and the Johnson case from the 10th Circuit Had the claimant who was doing the actual job or holding that job already a younger person 36 years old a younger than the claimant here So with age is an increasingly disadvantageous factor getting closer to age 50 the factual Resolution is one better left to an ALJ But The ALJ here also thought it was a light RFC But that was erroneous according to the magistrate judge because it left out limitations established in the record So it had to be sedentary. So in effect the ALJ here didn't really Apply the borderline age because she thought there was a light RFC But even if we're light the limited education is getting close to Illiterate which would have been a pay case even at light So there's subtle factors that would be facts and factors better evaluated by an ALJ in the first instance So there should be remand for that basis When a person approaches the next bracket Is it simply optional for the ALJ to look at the next bracket or is he required to do so? Well, it's funny now under the current palms or the new things They've got to go through a set of factors at this point under Lockwood My opponent is correct The mere citation of a birthday could be considered full consideration of borderline age but here the relevant numbers would still be a factual determination that would require a As a fact finder because of the other vocational factors and because of the sedentary RFC was established Well, they've changed their palms but Lockwood would still be the Ninth Circus ruling I take it Lockwood has an interesting Well, the palms would guide the ALJ. That's right wouldn't they that they have to and under SSR 13-2 P the agency and its ruling says The ALJ must follow the internal policy manuals All right. Thank you. Thank you counsel. We appreciate your arguments in this matter. It's submitted
judges: Paez, Callahan, Selna